UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES MICHAEL FITZPATRICK,

          Plaintiff,

v.

BRIDGESTONE RETAIL OPERATIONS,
LLC d/b/a FIRESTONE COMPLETE AUTO
CARE, and DOROTHY HART WILSON,
Jointly and Severally as,

          Defendants.
_____/

Case No. 18-12576

District Judge Thomas L. Ludington

**ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM AUGUST 7, 2019 JUDGMENT, VACATING ORDER, SETTING BRIEFING SCHEDULE, AWARDING COSTS, AND MODIFYING CASE MANAGEMENT ORDER**

On July 13, 2018, Plaintiff, James Michael Fitzpatrick, brought suit against Defendants, Bridgestone Retail Operations, LLC and Dorothy Hart Wilson in Saginaw Circuit Court. ECF No. 1 at PageID.10–11. Plaintiff alleges he was a patron at Bridgestone when Defendant Wilson's dog, who was in the store with Wilson, bit him on the leg. *Id.* at PageID.11–13. Plaintiff states he suffered from a flesh-eating bacteria as a result of the dog bite and had to undergo surgery to preserve his leg. *Id.* at PageID.14–15. Plaintiff alleges violations of Michigan's Dog Bite statute, common law liability, common law negligence, and premises liability. *Id.* at PageID.16–30.

On August 17, 2018, Defendant Bridgestone Retail Operations, LLC removed this case from Saginaw Circuit Court. ECF No. 1. After discovery concluded, on July 12, 2019, Defendant Bridgestone filed a motion for summary judgment. ECF No. 28. Plaintiff did not file a response to Bridgestone's motion. On August 7, 2019, an order was entered granting Bridgestone's motion for summary judgment as unopposed and dismissing Defendant Bridgestone from the case. ECF No. 33. The same day, Plaintiff filed a motion to set aside the order granting the motion for summary

judgment. ECF No. 34. Defendant Bridgestone filed a response to Plaintiff's motion to set aside on August 28, 2019. ECF Nos. 36, 37. Plaintiff replied on September 4, 2019. ECF No. 38.

**I.**

Plaintiff explains in his motion to set-aside the order that his attorney's assistant correctly calculated the response deadline as August 2, 2019, but "inadvertently typed the key '8' as opposed to '2,' causing the wrong date to be noted. . . . Because the due date was incorrectly calendared, Plaintiff did not file a response by August 2, 2019." ECF No. 34 at PageID.1224-1225. Plaintiff seeks relief from the August 7, 2018 order due to "mistake, inadvertence, and/or excusable neglect" of counsel. *Id.*

**II.**

Federal Rule of Civil Procedure 60(b) provides a list of reasons that "the court may relieve a party or its legal representative from a final judgment [or] order." Plaintiff seeks relief based on 60(b)(1) – "mistake, inadvertence, surprise, or excusable neglect." The Sixth Circuit has defined "neglect" to include "late filings caused by inadvertence, mistake, or carelessness." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001) (quoting *Pioneer Inv Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 381 (1993)). The Sixth Circuit has also concluded that "Plaintiff's Rule 60(b) Motion must be equitably and liberally applied to achieve substantial justice. Doubt should be resolved in favor of a judicial decision of the merits of a case, and a technical error or a slight mistake by plaintiff's attorney should not deprive plaintiff of an opportunity to present the true merits of his claims." *In re Salem Mortgage Co.*, 791 F.2d 456, 459–60 (6th Cir. 1986) (quoting *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980)).

Plaintiff outlines the five factors the Sixth Circuit has derived from the Supreme Court to determine if neglect is "excusable" including: "(1) the danger of prejudice to the other party, (2)

the length of delay, (3) its potential impact on judicial proceedings, (4) the reason for the delay, and (5) whether the movant acted in good faith." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001). In this case, the danger of prejudice and length of the delay to Defendant Bridgestone was minimal because Plaintiff intended to submit a response to Defendant Bridgestone's motion for summary judgment on August 8, 2019. These two factors weigh in Plaintiff's favor. Third, the potential impact on the overall judicial proceedings is minimal. The delay by Plaintiff was only six days. Fourth, the reason for the delay was a clerical error. Lastly, Plaintiff appears to have acted in good faith. Plaintiff filed his motion for relief the same day the order granting the motion for summary judgment was entered.

Defendant claims Plaintiff did not negotiate in good faith at the settlement conference and the hearing date for the motion for summary judgment was discussed at the conference. ECF No. 37 at PageID.1326. However, Defendant does not provide evidence of prejudice. Additionally, the assistant in the matter, Carol Holden, provided an affidavit explaining her error. Because the Court favors deciding a case on the merits instead of based on a "slight mistake," the fact that the totality of the five factors weigh in Plaintiff's favor and Defendant has not provided evidence of prejudice by the delay, Plaintiff's motion for relief from judgment will be granted. New scheduling dates for the case will also be set. Plaintiff will have until Wednesday, December 11, 2019 to file their response to Defendant's Motion for Summary Judgment and Defendant will have until Thursday, December 26, 2020 to reply.

**III.**

Accordingly, it is **ORDERED** that Plaintiff's motion for relief from judgment, ECF No. 34, will be **GRANTED**.

It is further **ORDERED** that the Court's Order, ECF No. 33, granting Defendant Bridgestone's Motion for Summary Judgment is vacated.

It is further **ORDERED** that Plaintiff shall file a response to Defendant Bridgestone's Motion for Summary Judgment, ECF No. 28, by **Wednesday, December 11, 2019**. Defendant will have until **Thursday, December 26, 2020** to reply.

It is further **ORDERED** that costs for Defendant Bridgestone's response to Plaintiff's motion for relief are assessed against Plaintiff. Plaintiff is **DIRECTED** to pay Defendant costs in the amount of $300.

It is further **ORDERED** that the Court's Scheduling Order dates are hereby vacated and replaced with the following dates:

|  | **New Scheduling Order Date** |
| --- | --- |
| Hearing on Motions for Summary Judgment | **March 11, 2020 at 3:00 pm** |
| Rule 26 Disclosures Due by: | **March 19, 2020** |
| Motions in Limine Filed by: | **April 7, 2020** |
| Pretrial Disclosures | **April 28, 2020** |
| Final Pretrial Conference | **May 5, 2020 at 3:00 pm** |
| Jury Trial Date | **May 19, 2020 at 8:30 am** |

Dated: December 3, 2019                                              s/Thomas L. Ludington
                                                                                        THOMAS L. LUDINGTON
                                                                                        United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to Dorothy Hart Wilson, 1000 Olive Street, Murray, KY 42071 and Dorothy Hart Wilson, C/O B.Y. Hart, 2695 S. Center Rd., Saginaw, MI 48609-7066 by first class U.S. mail on December 3, 2019.

                                              s/Kelly Winslow
                                              KELLY WINSLOW, Case Manager